Marion Slade Townsend v. Commissioner. Kavanaugh R. Townsend v. Commissioner. Jerry Slade Townsend v. Commissioner.
Townsend v. Commissioner
Docket Nos. 42647, 43239, 43255.
United States Tax Court
1954 Tax Ct. Memo LEXIS 325; 13 T.C.M. (CCH) 31; T.C.M. (RIA) 54026; January 20, 1954
*325 Marion Slade Townsend, Dahlonega, Ga., pro se. Newman A. Townsend, Jr., Esq., and George W. Calvert, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: Respondent determined deficiencies and penalties in income tax for the years 1941 and 1942, and income and victory tax for the year 1943, as follows: Docket
Fraud
Other
Number
Name
Year
Deficiency
Penalty
Penalties
42647
Marion Slade Townsend
1941
$ 60.50
$ 30.25
$ 15.13
1942
1,418.89
709.45
354.72
1943
7,842.88
3,921.44
1,960.72
43239
Kavanaugh R. Townsend
1941
33.13
8.28
1943
3,177.59
941.33
43255
Jerry Slade Townsend
1941
72.85
18.21
1943
3,709.56
1,197.32
The sole question presented at the hearing related to alleged depletion sustained on certain bauxite properties in Arkansas owned at one time by the Townsend family. The respondent conceded that there are no fraud penalties due in the case of Marion Slade Townsend, Docket No. 42647, and offered no proof on that issue. The burden of proof on all other matters in issue rested on petitioners. On the record made, we have no alternative to holding *326 that petitioners must fail for failure of proof of error. Practically none of the facts requisite to establishing the claimed allowances for depletion were proven. Decisions on all matters in issue must go to respondent. Decisions will be entered for the respondent, excepting only as to the fraud penalties in Docket No. 42647. [Pursuant to an order of the Tax Court dated February 24, 1954, signed by Judge Van Fossan, permission was granted to the respondent to amend his answer so as to claim an increased deficiency for the taxable year 1943, and the Memorandum Opinion was amended to provide for recomputation under Rule 50.